# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PAMELA COLVIN | § | |
| | § | |
| V. | § | A-08-CA-515-LY |
| | § | |
| TITEFLEX CORPORATION, GASTITE DIVISION | § § § | |

## ORDER

Before the Court is: Plaintiff's Motion to Exclude Witnesses and Exhibits (Clerk's Doc. No. 35) filed June 25, 2009; Titeflex's Opposition to Plaintiff's Motion to Exclude Witnesses and Exhibits, and Titeflex's Counter-Motion to Extend Time for Filing of Its Preliminary Witness and Exhibit Lists (Clerk's Doc. No. 39) filed July 6, 2009. Plaintiff did not file a Reply.

Plaintiff State Farm Lloyds as subrogee of Pamela Colvin moves the Court to exclude Defendant Titeflex Corporation's witnesses and exhibits based upon its failure to comply with the Scheduling Order. Titeflex responds that it did belatedly serve its preliminary list of witnesses and exhibits past the deadline set forth in the Scheduling Order, but that Plaintiff cannot establish that it suffered prejudice, and thus the Motion should be denied.

### I. Background Facts

Paragraph Four of the Scheduling Order entered in this case set the deadline for Defendant to designate potential witnesses, testifying experts, and proposed exhibits, and file and serve these documents at on or before May 21, 2009. On May 12, 2009, the parties entered into a Joint Stipulation Regarding Expert Discovery to allow Defendant Titeflex Corporation to file and serve its expert designation two weeks after the completion of the deposition of Plaintiff's expert on the corresponding subject. On June 22, 2009, Plaintiff notified Titeflex that it had failed to serve and file its preliminary designation of potential witnesses and potential exhibits. The next day, on June

23, 2009, Titeflex remedied that mistake and filed and served its List of Potential and Expert Witnesses and Proposed Exhibits. *See* Plaintiff's Exhibit E. Plaintiff now argues that this designation was filed 33 days after the deadline indicated in Paragraph 4 of the Scheduling Order, and that the designation of its testifying expert Rhoades was filed 28 days after the May 26, 2009, deposition of Plaintiff's expert on the corresponding subject, and requests that the Court strike both as tardy. Plaintiff also notes that Titeflex's designation of Kelly Kistner as an expert was filed 18 days after the June 5, 2009, deposition of Plaintiff's expert on the corresponding topic, also contrary to Joint Stipulation Regarding Expert Discovery (which required the designation within 14 days of the deposition), and also seeks that this expert be stricken. Titeflex responds that while the expert designations for Rhoades and Kistner were not filed within 14 days of the corresponding depositions, they were served on Plaintiff timely, on June 10, and 19, 2009, respectively.

The discovery deadline in this case is July 31, 2009. Since Titeflex's designation of potential witnesses and exhibits, and expert witnesses on June 23, 2009, Plaintiff has not requested additional discovery.

## II. Arguments

Plaintiff asserts that it has been prejudiced by Defendant's untimely designation of potential witnesses, testifying experts, and proposed exhibits because Plaintiff has produced four experts for deposition, who have testified without knowing the identity of Defendant's witnesses or what exhibits Titeflex intends to offer at trial. Plaintiff argues that this gives Titeflex an unfair advantage, because Defendant can add and delete exhibits and witnesses. Plaintiff claims that this unfair advantage can only be cured by striking Defendant's untimely designated witnesses and exhibits. Lastly, Plaintiff argues that defendant could have filed a Rule 6(b) motion to enlarge time establishing good cause and excusable neglect, but that Defendant failed to do so.

Titeflex maintains that its preliminary designation of witnesses, testifying experts, and exhibits did not disclose any information that was not already known to Plaintiff. Titeflex states that substantial formal and informal discovery has already been conducted by Plaintiff in connection with the case, including the fire at the Colvin residence in 2007, and a joint lab examination in March involving experts retained by both sides. Titeflex asserts that Plaintiff already knew the information set forth in its preliminary lists in this case because State farm has litigated at least six prior law suits in which Plaintiff asserted essentially the same claims against Defendant as asserted here. Moreover, Defendant points out that the preliminary designations in issue are just that—preliminary—and that final witness and exhibit lists are not due until ten days before the pretrial conference. Plaintiff does not refute any of these contentions.

The Federal Rules of Civil Procedure commit to the Court's discretion the decision of whether to exclude evidence because of a party's noncompliance with a pretrial scheduling order. Fed. R. Civ. P. 16(f), 37(b)(2)(B). The Fifth Circuit has held that the trial court should consider the four factors when deciding whether to exclude evidence to enforce a pretrial order: (1) the explanation, if any, for the party's failure to comply with the scheduling order; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses and exhibits. *See Barrett v. Atlantic Richfield, Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Here, these factors weigh in favor of not striking Defendant's witness and exhibit lists. The failure to file was plainly an oversight, and was remedied immediately upon Plaintiff bringing it to the attention of Titeflex's counsel. More importantly, Plaintiff completely fails to demonstrate any prejudice it has suffered. Indeed, despite having since June 23, 2009, to conduct additional discovery springing from the designations, it appears that Plaintiff has chosen to do no additional discovery

since that time. Further, the scheduling order explicitly permits the parties to conduct discovery by agreement past the deadline, and given the late designation, it seems certain that Titeflex would have agreed to do so had Plaintiff requested late discovery. Again, it does not appear that Plaintiff has done so. Finally, striking the witnesses and exhibits would be overkill, and far too severe a sanction for the late designation, particularly in light of the minimal prejudice it caused Plaintiff. Indeed, the relief Plaintiff seeks would be tantamount to a default judgment.

With regard to expert witnesses, the evidence shows that the designations of Kelly Kistner and Michael Rhoades were timely served. The parties' stipulation on this issue (Clerk's Doc. No. 27) states that Titeflex's designations were "due in accordance with" Paragraph Four of the Scheduling Order. That provision only requires that expert materials be served on opposing parties, and not filed with the Court. Thus, the only failing was in the filing of the designations. Because the expert materials were timely served on Plaintiff, it cannot credibly claim that it suffered any prejudice as a result. Indeed, the Court is a bit mystified as to why Plaintiff even raised the issue.

ACCORDINGLY, Plaintiff's Motion to Exclude Witnesses and Exhibits (Clerk's Doc. No. 35) is **DENIED** and that Titeflex's Counter-Motion to Extend Time for Filing of Its Preliminary Witness and Exhibit Lists (Clerk's Doc. No. 39) is **GRANTED**.

SIGNED this 30th day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4