IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JUL 3 0 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| PAMELA COLVIN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  Case No. 1:08-CV-00515-LY |
| | § |
| TITEFLEX CORP., | § |
| GASTITE DIVISION, and | § |
| CLARK SIMMONS HOMES, INC. | § |
| | § |
| Defendants. | § |

**DEFENDANT TITEFLEX CORP.'S AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

COMES NOW, Defendant Titeflex Corp., Gastite Division ("Titeflex") and files this Amended Answer to Plaintiff's First Amended Original Petition and would respectfully show the Court as follows:

**I.**

**PARTIES, VENUE AND JURISDICTION**

1.  Titeflex lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's First Amended Original Petition and therefore denies these allegations.

2.  Titeflex admits the first portion of the allegations contained in paragraph two of Plaintiff's First Amended Original Petition. Titeflex denies that it may be served via Brett Myers.

3.  Titeflex lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's First Amended Original Petition and therefore denies these allegations.

1

4.  Titeflex lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's First Amended Original Petition and therefore denies same.

5.  Titeflex denies the venue allegations contained in Paragraph 5 of Plaintiff's First Amended Original Petition.

6.  Titeflex denies the jurisdiction allegations contained in Paragraph 6 of Plaintiff's First Amended Original Petition.

## II.

## NOT TO BE DISSEMINATED TO THE JURY

7.  Titeflex lacks sufficient information to form a belief as to the truth of the allegations in the first paragraph of Section II of Plaintiff's First Amended Original Petition and therefore denies these allegations.

## III.

## PRODUCTS LIABILITY

8.  Titeflex admits that the first sentence of the first paragraph of Section III of Plaintiff's First Amended Original Petition purports to state claims arising from the design and marketing of the product in question, but denies the existence of any defects. Titeflex lacks sufficient information to form a belief as to the truth of whether the product in question was installed in Ms. Colvin's home, and therefore denies this allegation.

9.  Titeflex lacks sufficient information to form a belief as to the truth of the allegations in the second paragraph of Section III of Plaintiff's First Amended Original Petition and therefore denies these allegations.

### IV.

### FACTS

10. Titeflex lacks sufficient information to form a belief as to the truth of the allegations in the first paragraph of Section IV of Plaintiff's First Amended Original Petition and therefore denies these allegations.

11. Titeflex lacks sufficient information to form a belief as to the truth of the allegations in the second paragraph of Section IV of Plaintiff's First Amended Original Petition and therefore denies these allegations.

12. Titeflex denies the allegations contained in the third paragraph of Section IV of Plaintiff's First Amended Original Petition.

13. Titeflex denies the allegations contained in the fourth paragraph of Section IV of Plaintiff's First Amended Original Petition.

14. Titeflex denies the allegations contained in the fifth paragraph of Section IV of Plaintiff's First Amended Original Petition.

### V.

### CAUSES OF ACTION AGAINST DEFENDANT GASTITE

### COUNT ONE – NEGLIGENCE

15. Titeflex incorporates herein by reference, its answers to Paragraphs 1-14 above.

16. The first and last sentences of the second paragraph of Count One of Plaintiff's First Amended Original Petition contain legal conclusions to which no responsive pleading is required. Should a response to the first and last sentences be deemed required, Titeflex denies

the allegations contained therein. Titeflex denies the remaining allegations of the second paragraph of Count One of Plaintiff's First Amended Original Petition.

17. The first sentence of the third paragraph of Count One of Plaintiff's First Amended Original Petition contains a legal conclusion to which no responsive pleading is required. Should a response to this first sentence be deemed required, Titeflex denies the allegation contained therein. Titeflex denies the remaining allegations of the third paragraph of Count One of Plaintiff's First Amended Original Petition, including all respective subparagraphs and the allegations contained therein.

18. The fourth paragraph of Count One of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the fourth paragraph be deemed required, Titeflex denies the allegations contained therein.

## FAILURE TO WARN

19. The fifth paragraph of Count One of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the fifth paragraph be deemed required, Titeflex denies the allegations contained therein.

20. Titeflex denies the allegations contained in the sixth paragraph of Count One of Plaintiff's First Amended Original Petition

21. The seventh paragraph of Count One of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the seventh paragraph be deemed required, Titeflex denies the allegations contained therein.

22. Titeflex denies the allegations contained in the eighth paragraph of Count One of Plaintiff's First Amended Original Petition.

23. Titeflex denies the allegations contained in the ninth paragraph of Count One of Plaintiff's First Amended Original Petition.

24. The tenth paragraph of Count One of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the tenth paragraph be deemed required, Titeflex denies the allegations contained therein.

25. The eleventh paragraph of Count One of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the eleventh paragraph be deemed required, Titeflex denies the allegations contained therein.

## COUNT TWO – STRICT LIABILITY

26. Titeflex incorporates herein by reference, its answers to Paragraphs 1-25 above.

27. Titeflex denies the allegations contained in the first two sentences of the second paragraph of Count Two of Plaintiff's First Amended Original Petition. The remaining allegations of the second paragraph contain legal conclusions to which no responsive pleading is required. Should a response to the remaining allegations be deemed required, Titeflex denies the allegations contained therein.

## SAFER ALTERNATIVE DESIGN

28. Titeflex denies the allegations contained in the third paragraph of Count Two of Plaintiff's First Amended Original Petition.

29. Titeflex denies the allegations contained in the fourth paragraph of Count Two of Plaintiff's First Amended Original Petition.

30. Titeflex denies the allegations contained in the fifth paragraph of Count Two of Plaintiff's First Amended Original Petition.

31. Titeflex denies the allegations contained in the sixth paragraph of Count Two of Plaintiff's First Amended Original Petition.

32. Titeflex lacks sufficient information to form a belief as to the truth of the allegations contained in the seventh paragraph of Count Two of Plaintiff's First Amended Original Petition and therefore denies these allegations.

33. The first, third and fourth sentences of the eighth paragraph of Count Two of Plaintiff's First Amended Original Petition contain legal conclusions to which no responsive pleading is required. Should a response be deemed required, Titeflex denies the allegations contained therein. Titeflex lacks sufficient information to form a belief as to the truth of the allegations contained in the second sentence of the eighth paragraph of Count Two of Plaintiff's First Amended Original Petition and therefore denies the allegations.

## COUNT THREE – BREACH OF EXPRESS AND IMPLIED WARRANTY

34. Titeflex incorporates herein by reference, its answers to Paragraphs 1-33 above.

35. Titeflex denies the allegations contained in the first sentence of the second paragraph of Count Three of Plaintiff's First Amended Original Petition. The remaining allegations of the second paragraph contain legal conclusions to which no responsive pleading is required. Should a response to the remaining allegations be deemed required, Titeflex denies the allegations contained therein.

36. Titeflex denies the allegations contained in the first sentence of the third paragraph of Count Three of Plaintiff's First Amended Original Petition. The remaining allegations of the third paragraph contain legal conclusions to which no responsive pleading is required. Should a response to the remaining allegations be deemed required, Titeflex denies the allegations contained therein.

37. The fourth paragraph of Count Three of Plaintiff's First Amended Original Petition contains legal conclusions to which no responsive pleading is required. Should a response to the fourth paragraph be deemed required, Titeflex denies the allegations contained therein.

## COUNT FOUR—VIOLATION OF CONSUMER PRODUCT SAFETY ACT

38. Titeflex incorporates herein by reference, its answers to Paragraphs 1-37 above.

39. The second paragraph of Count Four of Plaintiff's First Amended Original Petition purports to describe Plaintiff's assertions and thus no response is required. If a response is deemed required, Titeflex denies the allegations contained therein.

40. The third paragraph of Count Four of Plaintiff's First Amended Original Petition, and each respective subparagraph, contains legal conclusions and/or purports to describe Plaintiff's contentions, and thus no responsive pleading is required. Should a response to the third paragraph be deemed required, Titeflex denies the allegations contained therein.

41. The first sentence of paragraph four of Count Four of Plaintiff's First Amended Original Petition contains a legal conclusion and/or purports to describe Plaintiff's contentions, and thus no responsive pleading is required. Should a response to the first sentence be deemed required, Titeflex denies the allegations contained therein. Titeflex denies the remaining allegations contained in paragraph four of Count Four of Plaintiff's First Amended Original Petition.

42. Paragraph five of Count Four purports to describe damages Plaintiff seeks and thus no response is required. If a response is deemed required, Titeflex denies the allegations contained in paragraph five of Count Four of Plaintiff's First Amended Original Petition.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANT CLARK

43. The allegations contained in Section Six of Plaintiff's First Amended Original Petition are directed at Defendant, Clark Simmons Home, Inc. and thus no response is required. To the extent that any allegations refers to or relates to Titeflex, Titeflex denies the allegations.

## VII.

## DAMAGES

44. Titeflex incorporates herein by reference, its answers to Paragraphs 1-42 above.

45. The second paragraph under the Damages Section of Plaintiff's First Amended Original Petition purports to describe the damages Plaintiff seeks and thus no response is required. Should a response to the second paragraph be deemed required, Titeflex denies the allegations contained therein.

46. Titeflex denies the allegations contained in the third paragraph of the Damages Section of Plaintiff's First Amended Original Petition.

47. The fourth paragraph under the Damages Section of Plaintiff's First Amended Original Petition contains legal conclusions and/or purports to describe Plaintiff's contentions, and thus no responsive pleading is required. Should a response be deemed required, Titeflex denies the allegations contained therein.

## PRAYER

The paragraphs under the "Prayer" section of Plaintiff's First Amended Original Petition purport to describe Plaintiff's requested relief and thus no response is required. To the extent

any response is deemed required, Titeflex denies all allegations in the "Prayer" paragraphs and assert that Plaintiff is not entitled to any relief.

## AFFIRMATVE DEFENSES

The following affirmative defenses bar or limit Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit. Plaintiff's recovery, if any, from Titeflex should be reduced by the comparative negligence, fault, responsibility, or causation attributable to such other parties or persons.

### SECOND AFFIRMATIVE DEFENSE

Pleading further, Titeflex would show that the proximate cause, or alternatively, the sole proximate cause, of the incident in question was the acts or omissions of third parties over whom Titeflex had no control and for whose actions Titeflex cannot be held liable.

### THIRD AFFIRMATIVE DEFENSE

Pleading further, Titeflex did not install the gas piping systems or its component parts in Plaintiff's home. If any negligence occurred or defect existed in connection with the gas piping system, such alleged defect or negligence was the result of the improper installation of the gas piping system or its component parts for which Titeflex is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Pleading further, Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Titeflex.

## FIFTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex denies the existence of any implied warranty. Titeflex has expressly disclaimed all implied warranties.

## SIXTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex denies the existence of any express warranty, other than the limited warranty provided with the Titeflex products.

## SEVENTH AFFIRMATIVE DEFENSE

Pleading further, Plaintiff's implied warranty of merchantability claim is barred by the Statute of Limitations, pursuant to Tex. Bus. & Com. Code §2.725

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Titeflex demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Titeflex respectfully prays for judgment as set forth below:

    A.    That Plaintiff take nothing by reason of Plaintiff's First Amended Original Petition or other pleading;

    B.    That Plaintiff's First Amended Original Petition and any relief sought by Plaintiff be dismissed with prejudice;

    C.    For an award of reasonable attorneys' fees;

    D.    For an award of costs of suit;

E.  For such other and further relief as the Court may deem appropriate, just and proper under the circumstances.

Respectfully submitted,

By: *s/Beverly Reeves*
Beverly Reeves
State Bar No. 16716500
Luke McHenry
State Bar No. 24057993
REEVES & BRIGHTWELL LLP
221 W. 6th Street, Suite 1000
Austin, Texas 78701
breeves@reevesbrightwell.com
lmchenry@reevesbrightwell.com
(512) 334-4500
(512) 334-4492 (Fax)

James Morando
California Bar No. 087896
Karen Kimmey
California Bar No. 173284
FARELLA BRAUN + MARTEL LLP
Russ Building
235 Montgomery Street
San Francisco, California 94104
(415) 954-4932
(415) 954-4480 (Fax)
JMorando@fbm.com
KKimmey@fbm.com

**ATTORNEYS FOR DEFENDANT TITEFLEX CORP., GASTITE DIVISION**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of July, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> N. Scott Carpenter
> Brian Wesley
> Parkway Centre IV
> 2701 North Dallas Parkway, Suite 570
> Plano, Texas 75093
>
> Claude E. Ducloux
> Hill, Ducloux, Carnes & De La Garza
> 400 W. 15th St., Suite 808
> Austin TX 78701

> *s/Beverly Reeves*
> Beverly Reeves